**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **LINDA J. PENDER** | **CIVIL ACTION NO.: 3:10-CV-00401** |
| **VERSUS** | **JUDGE JAMES** |
| **CITY OF FARMERVILLE, ET AL** | **MAGISTRATE JUDGE HAYES** |

## MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

NOW COME defendants, TOWN OF FARMERVILLE AND OFFICER DEWAYNE JACKSON, who move the Court pursuant to FRCP Rules 12 and 56 for dismissal and summary judgment in favor of defendants.  The grounds for this motion are set forth in the attached statement of uncontested facts and memorandum, and are incorporated herein by reference.

WHEREFORE, defendants pray that the Court dismiss plaintiffs' claims against defendants with prejudice.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:_____/s/James R. Sterritt_____
        James R. Sterritt  #18447
        Gregg A. Wilkes   # 20419

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA   71120-2260
Telephone:     (318) 227-6277
Telecopier:     (318) 227-7850

ATTORNEYS FOR TOWN OF FARMERVILLE
AND DEWAYNE JACKSON

## **CERTIFICATE**

_____I HEREBY CERTIFY that on the 19th day of November, 2010 a copy of the above and

foregoing Motion to Dismiss and for Summary Judgment was filed electronically with the Clerk of

Court using the CM/ECF system; notice will be sent by operation of the court's electronic filing

system to:


      Mr. Lavalle B. Salomon
      P. O. Box 14596
      Monroe, LA   71207-4596
      val@valsalomon.com

      Shreveport, Louisiana, this 19rd day of November, 2010.


         _____/s/James R. Sterritt_____

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**LINDA J. PENDER**                    **CIVIL ACTION NO.: 3:10-CV-00401**

**VERSUS**                             **JUDGE JAMES**

**CITY OF FARMERVILLE, ET AL**         **MAGISTRATE JUDGE HAYES**

### MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

    MAY IT PLEASE THE COURT, defendants, TOWN OF FARMERVILLE AND OFFICER DEWAYNE JACKSON, move the Court pursuant to F.R.C.P. Rules 12 and 56 to dismiss plaintiff's claims.  As set forth below, defendants are entitled to have this matter dismissed.

    Plaintiff, Linda Pender ("Pender"), filed this action pursuant to 42 USCA §1983.  Pender alleges that her constitutional rights were violated when she was arrested by defendant, Farmerville Police Officer Dewayne Jackson, on March 17, 2009.  Specifically, she claims false arrest and excessive use of force.

    Defendants submit that plaintiff can not show a constitutional violation.  Following her arrest, plaintiff's criminal proceeding did not not terminate in her favor.  She pled guilty.  Her conviction establishes probable cause for her arrest and precludes her claim for false arrest.  Likewise, plaintiff's allegation that she was handcuffed too tightly fails to state a claim for excessive force.

    Officer Jackson is entitled to qualified immunity.  There was no violation of clearly established law.  Further, plaintiff was not injured by any municipal policy, custom or practice, and

thus, the Town of Farmerville can not be liable.

Accordingly, this matter should be dismissed.


## **<u>BACKGROUND</u>**

Linda Pender was stopped for speeding by Farmerville Police Officer Jackson.  Pender was agitated.  Her husband, Chris Pender, was a passenger in the pickup truck that she was driving.  After she stopped, Chris Pender bent over in his seat, and then started to get out.  Officer Jackson, who was approaching the truck, told Chris Pender to stay in the vehicle.

Linda Pender got out.  She was adamant and argued with Officer Jackson that she was not speeding.  When asked for her driver's license, Pender forcefully pushed or poked the license into Jackson's hand, causing him to drop it.  As the situation escalated, Jackson told Pender she was under arrest, handcuffed her, and placed her in the back seat of his patrol car.  When Chris Pender, who was angry, yelling, and using profanity, attempted to get out of the vehicle a second time, Officer Jackson called for backup.

According to Linda Pender, Officer Jackson pulled or jerked her arm while putting the handcuffs on.  However, Pender admits (but can not explain why) her hands would not go together behind her back so that she could be handcuffed.  Pender alleges that the handcuffs were too tight when she was placed in the patrol car.  Within minutes, a second police officer arrived on the scene and checked the handcuffs for tightness.

First, Pender was taken to the Farmerville Police Station.  Next, she was taken to the Union Parish Detention Center for booking on charges of speeding and battery on a police officer.  She was then taken to the Union Parish Sheriff's Office where she bonded out.  Pender did not complain to

any officer or anyone at the scene, at the police station, at the detention center, or at the Sheriff's Office of any injury.

Subsequently, Pender paid the fine on the speeding charge and the battery charge was dropped.

## LAW AND ARGUMENT

Plaintiff's action arises from a traffic stop which resulted in a criminal conviction.  To proceed with her claims, plaintiff must meet the "favorable termination rule" as established by Heck v Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  Plaintiff must also overcome the officer's qualified immunity and prove that she was arrested without probable cause.  Under the circumstances, plaintiff can not meet those burdens.  As discussed below, plaintiff's claims are precluded as a matter of law.

**False Arrest.**

By paying the fine for her traffic violation, Pender waived any right to contest the charge.  As a matter of law, she has admitted the traffic violation, pled guilty and been convicted.  Pender's action herein  would necessarily call into question that conviction.  Thus, she can not state a claim.

Under Heck, supra, "a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Ballard v Burton, 444 F.3d 391, 396 (5th Cir. 2006), citing Heck, 512 U.S. at

486-87.

A judgment in favor of Linda Pender in this case would necessarily imply the invalidity of her conviction, which has not previously been invalidated for any reason.   Accordingly, her complaint must be dismissed.  Ballard, supra.

Further, Pender's conviction establishes that there was probable cause for the arrest, which precludes her claim.  "An officer who has probable cause to believe that an individual has committed even a very minor criminal offense in his presence ... may, without violating the Fourth Amendment, arrest the offender."  Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed. 2d 549 (2001); Collier v Montgomery, 569 F.3d 214, 218 (5th Cir. 2009).

**Excessive Force.**

To succeed on an excessive force claim, Pender "must establish (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  Collier, at 218.

To support her excessive force claim, Pender alleges that the handcuffs were too tight. However, handcuffing an arrestee too tightly, without more, "does not amount to excessive force." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001).

Plaintiff also alleges that Officer Jackson jerked her arm and pulled her hand behind her back while putting the handcuffs on.  Notably, though, Pender admits a form of resistance – that her "arms would not go together."

```
 7   Q    ... Now, did he strike you at any time?
 8   A    The only thing he did was pull my arm really hard.
 9   Q    To put the handcuffs on you?
10   A    Uh-huh. (yes)
11   Q    I mean, did he pull your arm up past the area --
```

-4-

```
12   A    He pulled - whenever he couldn't get it together -
13   because my arms wouldn't go together, you know, when he put my
14   hands back --
15   Q   Why wouldn't your arms go together?
16   A   I don't know ....
```

Linda Pender Deposition, p 19.

From an officer's perspective, Pender's action could have easily been perceived as resistance. Jackson did not strike, hit, punch, kick or use any affirmative or overt form of force.  He simply applied the handcuffs to an arrestee whose "arms wouldn't go together."

As a matter of law, such an alleged degree of force is not clearly excessive or clearly unreasonable.

## **Qualified Immunity.**

Qualified immunity precludes plaintiff's claims in this matter.  Pender was stopped for a traffic violation.  Subsequently, she paid the associated fine.  Further, the only force which she alleges was not clearly excessive.  Her allegations do not establish a violation of clearly established law.  Thus, the defendant officer is entitled to qualified immunity.

Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.  Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 3038 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1096 (1986).  An officer is protected by qualified immunity unless his conduct is an obvious violation of the law; the "unlawfulness must be apparent." Anderson, 3039. In this case there is no evidence that Officer Jackson was "plainly incompetent" nor that he clearly and "knowingly violated the law."

Plaintiff can not identify any clearly established law that says under the circumstances of this case, the Constitution was clearly, and without question, violated.

-5-

Further, the officer's conduct was objectively reasonable. (Exhibit 4, Armbruster Report). Even if an officer is mistaken in a particular situation, qualified immunity applies.  "If an officer reasonably, but mistakenly, believed ... the officer would be justified....  If the officer's mistake as to what the law requires is reasonable ... the officer is entitled to the immunity defense." Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2158 (2001).  Qualified immunity protects officers from "reasonable mistakes as to the legality of their actions." Id.

The standard of objective reasonableness requires that an incident be analyzed from the perspective of the involved officer.  The use of hindsight is prohibited.  Objective reasonableness is "based upon the information the officer had when the conduct occurred." Saucier, 2159; Anderson, 3040.

> The reasonableness of a particular use of force [or course of conduct] must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight....

Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989).  Under the circumstances of this case, the conduct of the officer was reasonable.

Plaintiff paid her speeding ticket and thereby pled guilty and waived any right to dispute that she committed a crime.  Plaintiff would now allege that she was not speeding or violating the law. Under the circumstances, plaintiff's allegations do not show a violation of the constitution. Plaintiff's admission of guilt and conviction establish the existence of probable cause, and thus, preclude a false arrest claim.

In viewing matters from the officer's perspective and examining the information possessed by the officer, it is apparent that a reasonable officer could have believed that the officer did not violate the law. Moreover, even if he were mistaken, the mistake was reasonable.

Plaintiff has the burden to overcome qualified immunity. Plaintiff can not meet that burden. There is no law that says a violation of the constitution occurs when an officer arrests a motorist who is speeding.   "  Atwater v. City of Lago Vista, supra; Collier v Montgomery, supra.

Under the circumstances of this case and utilizing the objective perspective of an officer on the scene faced with similar circumstances, the evidence shows that a reasonable officer could have believed it was reasonable to arrest and handcuff plaintiff.

There is no basis for Pender's claims.  There is no violation of clearly established law. Officer Jackson is entitled to qualified immunity.

### Town of Farmerville.

Under § 1983 a plaintiff must identify defendants that were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).  To establish a claim against the Town of Farmerville, plaintiff must show she was injured by some municipal policy or custom.

Defendants are not required to produce evidence negating the existence of material facts, but must only point out the absence of evidence supporting the plaintiff's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986). There is no evidence to establish an unconstitutional custom or policy on behalf of the Town of Farmerville. There is no basis upon which relief can be granted against the Town since §1983 liability can not be premised upon respondeat superior.  Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987); Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## CONCLUSION

Plaintiff can not establish a constitutional violation.  Plaintiff's criminal proceeding did not not terminate in her favor.  Her conviction establishes probable cause for her arrest and precludes her claim for false arrest.  Plaintiff's allegation that she was handcuffed too tightly fails to state a claim for excessive force.

Officer Jackson is entitled to qualified immunity.  There was no violation of clearly established law.  Further, plaintiff was not injured by any municipal policy, custom or practice, and thus, the Town of Farmerville can not be liable.

Accordingly, this matter should be dismissed.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: _____/s/James R. Sterritt_____
     James R. Sterritt  #18447
     Gregg A. Wilkes  # 20419

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA   71120-2260
Telephone:    (318) 227-6277
Telecopier:    (318) 227-7850

ATTORNEYS FOR TOWN OF FARMERVILLE
AND DEWAYNE JACKSON

## **CERTIFICATE**

_____I HEREBY CERTIFY that on the 19th day of November, 2010 a copy of the above and

foregoing Memorandum in Support of Motion to Dismiss and for Summary Judgment was filed

electronically with the Clerk of Court using the CM/ECF system; notice will be sent by operation

of the court's electronic filing system to:

> Mr. Lavalle B. Salomon
> P. O. Box 14596
> Monroe, LA   71207-4596
> val@valsalomon.com

> Shreveport, Louisiana, this 19rd day of November, 2010.

> > > _____/s/James R. Sterritt_____

## EXHIBIT LIST

**Exhibit 1:**     Linda Pender Deposition

**Exhibit 2:**     Chris Pender Deposition

**Exhibit 3:**     Dewayne Jackson Deposition

**Exhibit 4:**     Expert Report of George Armbruster