IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LINDA J. PENDER | * | CIVIL ACTION NO. 10-00401 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CITY OF FARMERVILLE, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

    Before the undersigned magistrate judge, on reference from the District Court, is a motion filed by defendants, Town of Farmerville and Officer Dewayne Jackson, pursuant to Federal Rules of Civil Procedure 12 and 56 to dismiss plaintiff's claims. Doc. # 14. For reasons stated below, it is recommended that the hybrid motion be **GRANTED**.

BACKGROUND

    On February 12, 2010, plaintiff Linda J. Pender filed a petition for damages in the Third Judicial District Court, Parish of Union, State of Louisiana. Doc. # 1-1. Plaintiff alleged claims arising under 42 U.S.C. § 1983 against the City of Farmerville, and Dewayne Jackson, a police officer in Farmerville residing in Ouachita Parish, Louisiana. Defendants properly filed notice of removal on March 12, 2010.[1]

    Plaintiff's claim against defendants stems from an incident occurring on March 17, 2009, when Pender, traveling by car with her husband Chris, was stopped by Officer Jackson in a Wal-Mart parking lot in Farmerville, Union Parish, Louisiana. Petition, Doc. # 1-1, ¶ 4-5. After

---

[1] In their Notice of Removal, defendants noted that the Town of Farmerville had been "incorrectly designated as the 'City of Farmerville.'" Doc. # 1, ¶ 1. Subsequently, "Town" was substituted for "City."

plaintiff pulled into the parking lot, Officer Jackson passed her car, "and then u-turned and followed...and turned on his emergency lights." *Id.* at ¶ 5-6.  As plaintiff and her husband began to get out of the car, they "saw that Jackson had his hand on his gun and seemed agitated." *Id.* at ¶ 7.  Officer Jackson instructed plaintiff and Mr. Pender to get out of the car;[2] advised them that there were "clocked going 46 m.p.h."; and requested plaintiff's license. *Id.* at ¶ 8.  After plaintiff produced her license, Officer Jackson "thought [plaintiff] handed him the license too hard and as he was walking to the car he advised [plaintiff] that she was under arrest for assaulting an officer." *Id.* at ¶ 9-10.  Officer Jackson then "threw [plaintiff] up against her car and jerked her arms behind her back." *Id.* at ¶ 11.  Officer Jackson handcuffed plaintiff very tightly. *Id.* at ¶ 12.  Plaintiff's hands became painful and numb, and her shoulder was injured when the officer "jerked her hands behind her back." *Id.*  Upon seeking medical treatment after her release from jail, plaintiff was diagnosed with a right shoulder injury and a contusion to her right wrist. *Id.* at ¶ 13.

      Plaintiff's complaint alleges that Officer Jackson, acting under color of law, exhibited "malice and/or...reckless disregard for whether [plaintiff]'s rights would be violated by his actions." *Id.* at ¶ 15, 17.  Plaintiff further avers that the Town of Farmerville failed to properly train, supervise or discipline its officers, and that such failure amounted to deliberate indifference and reckless disregard of potential Constitutional violations. *Id.* at ¶ 18.

---

[2] In her petition, plaintiff alleges that Officer Jackson instructed both Mr. and Mrs. Pender to exit the vehicle; however, in her deposition, plaintiff stated that Officer Jackson yelled at Mr. Pender to "get back in the car." Dep. of Linda Pender, Oct. 1, 2010 (Doc. # 14-3 at17:13). Additionally, in his own deposition, Mr. Pender stated that he "started to get out of the car," but Officer Jackson instructed him to stay inside the vehicle. Dep. of Chris Pender, Oct. 1, 2010 (Doc. # 14-4 at 16:23-24; 17:2-4). Finally, in his deposition, Officer Jackson stated that he observed Mr. Pender exiting the vehicle even though Officer Jackson "didn't tell him to get out." Dep. of Dewayne Jackson, Oct. 1, 2010 (Doc. # 14-5 at 19:24-20:2). Officer Jackson then told Mr. Pender "to get back inside the vehicle." *Id.* at 20:8.

Defendants' motion, filed November 19, 2010, seeks to dismiss this action on the dual basis that plaintiff's claim of false arrest is precluded by her guilty plea, and that plaintiff has failed to state a claim for excessive force. Additionally, defendants argue that Officer Jackson is entitled to qualified immunity. Doc. # 14, pp. 1-2.

## LAW AND ANALYSIS

As defendants have submitted evidence outside the pleadings in support of the underlying motion, it is to be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b), 56. Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is

appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

I.   **Plaintiff's § 1983 Claims**

As discussed above, plaintiff filed the instant action under 42 U.S.C. § 1983, stating that defendants' actions deprived plaintiff of her constitutional rights. Petition, Doc. #1-1, ¶¶ 14-16); *See, San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991) (Section 1983 provides a remedy for the deprivation of civil rights). Section 1983 states that any person who, under

---

[3] *I.e.*, beyond doubt.

color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983. However, Section 1983 does not create any substantive rights; it merely provides a remedy for the rights designated therein. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id.*; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

Thus, the twin components of a cause of action under Section 1983 include 1) a violation of rights secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted).

### A. Violation of Plaintiff's Constitutional Rights

In the case *sub judice*, plaintiff alleges that Officer Jackson's actions violated her rights under the 14th Amendment of the United States Constitution and Articles of the Louisiana State Commission of 1974, as amended.[4] Doc. # 1-1, ¶ 16. *See* Background, *supra*.

In the underlying motion, defendants focus on plaintiff's claim of "false arrest," arguing that plaintiff's "conviction establishes probable cause for her arrest," thereby precluding her claim for false arrest. Nowhere in plaintiff's petition does she state a claim for "false arrest," nor does plaintiff allege that her Fourth Amendment rights were violated by her arrest. *See* Doc. # 1-

---

[4] The Fourteenth Amendment declares that no State shall "deprive any person of life, liberty, or property, without due process of law." UNITED STATES CONSTITUTION. Article I, Section 2, of the Louisiana State Constitution provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law." La. Const. Art. I, § 2.

1. However, in her opposition to the underlying motion, plaintiff asserts - for the first time - that her arrest for both speeding and battery "was without basis." Doc. # 21-1, p. 2. This is in addition to plaintiff's claim of excessive force. The undersigned will consider each claim in turn.

      **1.     False Arrest Claim**

Under the Fourth Amendment, "a warrantless arrest must be based on probable cause." *United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999). "Probable cause exists when the totality of the facts and circumstances without a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect has committed, or was in the process of committing, an offense." *Id.* A warrantless arrest does not violate the Fourth Amendment if it is "for a crime committed in the presence of the arresting officer or for a felony of which he had reasonable cause to believe defendant guilty." *Johnson v. United States*, 333 U.S. 10, 15 (1948). "An officer who has probable cause to believe that an individual has committed even a very minor criminal offense in his presence...may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536 (2001); *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009). As stated *supra*, plaintiff asserts for the first time in her opposition that her arrest was without basis, *i.e.*, probable cause.

At the outset, it must be noted that plaintiff was not "arrested" for speeding; she was cited by Officer Jackson, and presumably would have been free to drive away from the parking lot had the situation not escalated.[5] Therefore any claim of false arrest concerns Officer Jackson's actual

---

[5] Officer Jackson stated in his deposition that, using radar equipment, he "clocked" the Pender's vehicle going forty-six miles per hour in a thirty-five miles per hour speed zone. Doc. # 14-5, 18:23-25. Officer Jackson therefore observed plaintiff traveling at a speed greater than the posted limit and cited plaintiff accordingly.

arrest of plaintiff for battery. Plaintiff's battery charge was later dropped.[6]

The record provides ample evidence in support of Officer Jackson's arrest of plaintiff for simple battery on a police officer. In his deposition, Officer Jackson stated that he was already "on alert" upon stopping Mr. and Mrs. Pender, because he observed Mr. Pender "reaching down for something," and because Mr. Pender attempted to exit the vehicle without being asked to. Doc. # 14-5, 19:24-20:2. In his own deposition, Mr. Pender stated that, upon being stopped by Officer Jackson, he opened the door and reached down to put on his shoes. Doc. # 14-4, 16:23-25. However, Officer Jackson had no way to know that Mr. Pender was reaching down for his shoes; additionally, Officer Jackson did not instruct Mr. Pender at any time to get out of the vehicle. Doc. # 14-5, 21:14-19.

Upon instruction by Officer Jackson, Mr. Pender remained in the vehicle while plaintiff exited the vehicle. Both parties agree that plaintiff disputed the speed of her car with Officer Jackson. Doc. # 14-3 at 17:18-19, 41:9-10; Doc. # 14-4 at 22:18-22 Doc. # 14-5 at 22:14-15. Although both parties agree that plaintiff provided her license to Officer Jackson upon his

---

Although plaintiff contended in her deposition, and continues to argue herein, that she was not speeding, she did not appear in court and contest the traffic ticket, as was her right; she chose to pay the fine. Doc. # 21-1; *see* Dep. of Linda Pender, Oct. 1, 2010 (doc. # 14-3, 38:22-39:6; 39:17-22). Plaintiff claims that at the time she paid her ticket, she wrote "no contest" on the ticket, to demonstrate that she was not paying the ticket willingly. Doc. # 14-3, 39:25-6. Plaintiff further claims that writing "no contest" equates to a denial of the validity of her arrest for speeding. Plaintiff concludes that her "plea" therefore is not a conviction for any evidentiary purpose and is not an admission of probable cause for arrest. Doc. # 21-1, p. 2.

Contrary to plaintiff's assertion, the effect of paying the fine does effect a conviction. After accepting her sentence (*i.e.*, paying her fine), plaintiff cannot now challenge the validity of her arrest. *Heck v. Humphrey*, 512 U.S. 477, 486, 114. S.Ct. 2354, 2372 (1994). Additionally, plaintiff has not demonstrated that her sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87; *Ballard v. Burton*, 444 F.3d 391-396 (5th Cir. 2006). Therefore, any claim plaintiff makes on the basis of her speeding ticket is barred by *Heck v. Humphrey*,

[6] Plaintiff confirmed that the battery charge was later dismissed, but was unaware of the details surrounding the dismissal. Doc. # 14-3 at 57:11-24. Both plaintiff and her husband confirmed that Mr. Pender had spoken with Mr. Baughman, the mayor of Farmerville, about four days after the incident. *Id.*; Doc. # 14-5 at 35:21-37:7.

request, her manner of doing so is of debate: plaintiff either "pushed" the license into Officer Jackson's hand, or "put" the license into his hand, or "forcibly slammed" her license into his hand, causing Officer Jackson to drop the license. Doc. # 14-3 at 18:24-19:2, 19:5-6; Doc. # 14-5 at 25:4-7. Plaintiff's apparent hostile behavior toward Officer Jackson, combined with her reluctance to provide him her license, combined with her husband's yelling profanities toward Officer Jackson, provided the officer with probable cause sufficient to arrest plaintiff for simple battery on a police officer.

### 2. Excessive Force Claim

To succeed on a claim of excessive force, plaintiff "must establish (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009).

Plaintiff's excessive force claim stems from Officer Jackson's handcuffing plaintiff subsequent to her arrest for simple battery on a police officer. Plaintiff testified in her deposition that she underwent surgery for injuries to her wrist as a result of being handcuffed too tightly. Plaintiff "suggests," without citing any law or authority, that the degree of force used by Officer Jackson in handcuffing plaintiff "is clearly excessive and unreasonable." Doc. # 21-1, p. 3. However, handcuffing an arrestee too tightly, without more, "does not amount to excessive force." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).[7]

---

[7] In support of their reply, defendants provide the declaration of Officer Lori Taylor, who arrived at the scene shortly after plaintiff was stopped by Officer Jackson. Officer Taylor checked plaintiff's handcuffs and "was able to put two of [her] fingers inside each of the handcuffs on both [plaintiff]'s left and right wrists." Declaration, Doc. # 28-1, ¶ 9. Officer Taylor did "not loosen nor remove either handcuff." *Id.* at ¶ 11. As the handcuffs "were not too tight," Officer Taylor "left the handcuffs behind [plaintiff]'s back." *Id.* at ¶¶ 10, 12. Finally, Officer Taylor notes that plaintiff "did not complain of any injury to me at any time." *Id.* at ¶ 13.

Additionally, plaintiff admitted at her deposition that she had previous problems and pain in her hands and wrists before her arrest by Officer Jackson, including "numbness" in her fingertips. Doc. # 14-3 at 59:18-19. Plaintiff had previously sought treatment for these problems. *Id.* Alleging aggravation of a pre-existing condition that is not the result of "clearly excessive" force is in sufficient to state an excessive force claim under Section 1983, as the injury must result only from excessive force. *Collier v. Montgomery*, 569 F.3d at 218; *Wells v. Bonner*, 45 F.3d 90, 96 (5th Cir. 1995). Finally, the specific use of force by Officer Jackson, *i.e.*, the use of handcuffs, was not unreasonable under the circumstances, for the reasons described *supra*. A reasonable officer could have believed that such force was necessary to make the arrest. *Wells v. Bonner*, 45 F.3d at 95-96.

Although factual controversies are to be resolved "in favor of the nonmoving party," an actual controversy does not exist unless "both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Indeed, in response to a properly supported motion for summary judgment, **the non-movant may not rest upon the mere allegations or denials contained in his pleadings**, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the non-movant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the non-movant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

The plaintiff has failed to introduce such evidence here. In addition to lacking law or authority in support of her arguments, plaintiff's opposition to the underlying motion provides no affidavit or other exhibits in support of her claim that Officer Jackson's use of force was unreasonable. Rather, plaintiff asserts, generally, that Officer Jackson's actions were, "as a

9

matter of law," unreasonable and excessive. Because the undisputed facts do not rise to the level of a constitutional violation, it is recommended that defendants' motion for summary judgment be **GRANTED**.

## II.     Plaintiff's Claims Against Town of Farmerville

Defendants correctly note that the Town of Farmerville cannot be held liable on the basis of a theory of *respondeat superior*, as Section 1983, as contemplated by Congress, does not permit municipalities to be held liable "solely because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). However, a municipality can be liable under Section 1983 when a particular policy or custom promulgated by the entity is responsible for the claimed injury. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

Here, plaintiff alleges that Officer Jackson was "acting under color of statutes, ordinances, regulations, policy and usages of the Farmerville Police Department and the City of Farmerville." Petition, Doc. # 1-1, ¶ 17. Plaintiff further alleges that the Town of Farmerville is liable under Section 1983, as the Town, "through their policymaking officials, was so grossly negligent in its training, supervision and discipline of its officers that it was deliberately indifferent to and demonstrated reckless disregard toward the potential violations of Constitutional rights which were likely to occur because of their policies and/or customs and/or their training deficiencies." *Id.* at ¶ 18.

Although plaintiff alleges that Officer Jackson was acting under some policy of the Town of Farmerville, she puts forth no specific facts evidencing any alleged pattern, practice, custom and procedure, either in her original petition for damages or in the opposition to the underlying motion.

The petition is devoid of any facts concerning the Town of Farmerville's failure to train

10

its police officers; however, plaintiff expounds on this claim in her opposition to the underlying motion. Doc. # 21-1. Plaintiff bases this claim on alleged "past misconduct" of Officer Jackson, including his discharge by the Union Parish Sheriff's Office "for misconduct." *Id.* at p. 3. Plaintiff argues that the fact that Officer Jackson had a past criminal conviction[8] is evidence of his "questionable law enforcement work history," and that the Town of Farmerville "knowingly assumed the risks of [Officer Jackson's] actions." *Id.* As such, plaintiff concludes, the Town of Farmerville "took no steps to adequately supervise or circumscribe [Officer Jackson's] actions..." *Id.* at p. 4.

An allegation that a police force failed to properly train its officers can amount to policy, if such failure evidences a deliberate indifference to the constitutional rights of the municipality's inhabitants. *Sanders-Burns v. City Of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 840 (1994)). A "deliberate indifference" allegation is difficult to prove based on a single incident. *Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2000). Such claims require that plaintiff "demonstrate a pattern...fairly similar to what ultimately transpired." *Davis v. City of N. Richland Hills*, 406 F.3d 375, 838 n.34 (5th Cir. 2005).

Here, plaintiff bases her failure to train allegations on a single incident, without offering any facts in support of her claim that the incident occurring on March 17, 2009, was part of the Town of Farmerville's pattern, practice, custom or procedure. Even if there was such a policy, plaintiff has not demonstrated a deliberate indifference to the constitutional rights of the municipality's inhabitants. Accordingly, it is recommended that defendants' motion for summary judgment be **GRANTED**.

---

[8] In his deposition, Officer Jackson stated that he had been convicted, prior to employment with the Town of Farmerville, for felony possession of stolen goods in the Third Judicial District Court, Lincoln Parish. Dep. of Dewayne Jackson, Oct. 1, 2010 (Doc. # 14-5, 14:19-15:1).

### III.  Qualified Immunity

Finally, defendants also invoke the affirmative defense of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoted sources omitted). When a defendant invokes qualified immunity, the burden shifts to plaintiff to establish that the defense is inapplicable. *Id*. (citation omitted). Plaintiff's burden is two-pronged. *Id*. First, he must demonstrate that defendants violated a constitutional right under current law. *Id*. "Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id*. (quoted source and internal quotation marks omitted). The courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (*citing Pearson v. Callahan*, 808 U.S. 2009, 129 S.Ct. 808  (2009)).

Having determined that the individual defendants did not violate plaintiff's constitutional rights, *see* discussion, *supra*, analysis of the qualified immunity defense is unnecessary. *Goodman v. Harris Cnty.*, 571 F,3d 388, 396 (5th Cir. 2009).

## CONCLUSION

For the above assigned reasons,

**IT IS RECOMMENDED** that defendants' motion for summary judgment (Doc. #14) be **GRANTED** and plaintiff Linda Pender's claims against Town of Farmerville and Officer Dewayne Jackson be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

      **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

      THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of January, 2011.

                                                KAREN L. HAYES
                                                U. S. MAGISTRATE JUDGE